cannot be held responsible. The law is well settled that where the defendant is negligent, if the plaintiff, by his own negligent act, contributed to the injury of which he complains, he cannot have recourse for damages for that injury to the defendant. I am therefore of opinion that the nonsuit was right. Judgment affirmed, with costs. All concur.

## DE WITT v. GUNN.

(Superior Court of New York City, Special Term. May, 1895.)

(24 Civ. Proc. R. 409.)
NICOLL v. PALMER et al.

(Common Pleas of New York City and County, Special Term. May, 1895.)

1. REMOVAL OF CAUSES—FROM DISTRICT COURT TO COMMON PLEAS.
    Under Code Civ. Proc. § 3216, providing that in certain cases a cause may be removed from a district court of New York City to the court of common pleas, on defendant's filing an undertaking, the removal may be ordered on the application of one of several defendants, where he was the only one served with summons, and appearing in the action.

2. SAME—ERRONEOUS RECITAL OF UNDERTAKING.
    An order for the removal of a cause from a district court of New York City to the court of common pleas (Code Civ. Proc. § 3216) will not be set aside because the undertaking filed by defendant incorrectly stated that defendants appeared and joined issue and applied for the removal, when in fact the motion was made by one defendant, who alone was served with summons and appeared in the action; but the undertaking may be amended.

Action by Nicoll against Eddy Palmer and another. Plaintiff moves for an order remanding the cause to the district court, from which

it had been removed on the application of one of the defendants. Granted.

William C. Timm, for plaintiff.

Murphey & Metcalf, for defendant Eddy Palmer.

DALY, C. J.   Motion by plaintiff for an order remanding this cause back to the district court, from which it was removed on the application of one of the defendants (Eddy Palmer), under section 3216 of the Code.   That section provides that the defendant in an action where the damage claimed exceeds $100, after issue is joined, and before an adjournment has been granted upon his application, may apply to the justice of the court in which the action is brought for an order removing the action into the court of common pleas, and that such order must be granted upon the defendant's filing with the clerk an undertaking to pay the amount of any judgment that may be recovered against him in the latter court.   In this case Eddy Palmer was the only defendant served with the summons, and the only one who appeared before the justice and made application for removal to this court.   Such application was granted upon his filing an undertaking reciting appearance of the defendants, the joining of issue by them, and application by them for removal.   It is now contended by the plaintiff that the cause was improperly removed—First, because the application for removal was not made by both defendants; second, if properly made by one defendant, the undertaking is irregular in not reciting that fact.   There seems to be no difficulty in holding that in a case like the present the application for removal may be made by the sole defendant who was served with the summons, and who appeared in the action.   The plaintiff cannot complain that the defendant whom he did not serve or bring into court did not join in the application.   As between the plaintiff and the defendant served, the latter was the sole defendant before the court at the return of the summons.   If his codefendant was jointly liable with him, the joint liability is not affected by the removal. If we were to hold otherwise, a defendant, without fault on his part, might be deprived of the right of removal because his codefendant could not be found in the jurisdiction, or service upon him was intentionally omitted.   But, while the justice had power to remove this cause upon the application of the defendant who was served and who appeared, the undertaking for removal should have recited the facts as they existed.   This undertaking incorrectly states that the defendants appeared and joined issue and applied for the removal, and such recital may affect the liability of the surety upon the undertaking.   We have the power, however, to remand the undertaking to the justice for the purpose of amendment (Levy v. Scheringer, 19 Civ. Proc. R. 346, 13 N. Y. Supp. 560), and an order therefor will be made.   Upon the execution of the amended undertaking, it must be returned to this court, and the court will proceed in the action. Motion granted for this purpose only, and otherwise denied, without costs to either party.